IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NEAL HALEY and SHERRY HALEY, ET AL.                    PLAINTIFFS

V.                                          NO. 4:09CV00094-WAP-DAS

MERIAL, LIMITED, ET AL.                                  DEFENDANTS

## ORDER

Before the court is the plaintiffs' motion to compel discovery responses (# 48) filed April 30, 2009.  By Order (# 39) dated April 20, the court granted the plaintiffs' motion to expedite discovery responses.  Specifically, the court determined that the plaintiffs should be allowed to conduct limited written discovery related to their motion for preliminary injunction currently pending before the district judge.  Additionally, the court set the matter for a hearing on April 30 to address any issues arising from defendants' responses to the plaintiffs' limited discovery requests.

During the April 30 hearing, the court took up the issues presented by the instant motion. Essentially, the plaintiffs request an order compelling the defendants to respond fully to two interrogatories and five requests for production which seek information related to the investigation of an OSHA whistleblower complaint.   By way of a Freedom of Information Act ("FOIA") request, the plaintiffs obtained a redacted copy of the subject whistleblower complaint wherein an employee of Merial alleges that she has been retaliated against for, *inter alia*, reporting that she had been ordered to destroy documents relevant to claims made against Merial in this lawsuit.  During the April 30 hearing, the defendants maintained, among other things, that the Sarbanes-Oxley Act ("SOX") and OSHA guidelines prohibit disclosure of the requested information.  Because counsel for neither party was prepared to offer specific argument on this

issue, at the conclusion of the hearing the court asked the plaintiffs to file an amended motion.

The court will now address the issues that arise from the defendants' objections to the discovery

requests.[1]

The defendants object to disclosure of the requested information on essentially three main

grounds.[2] First, the defendants argue that discovery during this phase of the case is limited to

class certification issues. While the court is certainly aware that its previous scheduling order

limited discovery to class certification issues, the plaintiffs have convinced the court that further

discovery is necessary in order to properly brief the plaintiffs' motion for preliminary injunction

filed on April 12. This finding was announced in the court's Order (# 39) dated April 20, 2010.

Accordingly, pursuant to the court's authority to modify its scheduling orders, this objection has

no merit.

Second, the defendants argue that SOX and OSHA guidelines prohibit full disclosure of

_____

[1]During the June 30 hearing it was determined that the defendants had adequately
responded to Interrogatory No. 2 and Request for Production No. 5.

[2]Plaintiffs' Request for Production No. 2 required the defendants to "produce un-redacted
copies of all OSHA Whistleblower Complaints filed against Merial or its affiliates since January
1,1990." Among the grounds discussed herein, the defendants also objected that whistleblower
complaints other than the one that is the subject of the plaintiffs' motion for a preliminary
injunction are not relevant to the present lawsuit and responded that no other complaints exist.
However, by way of a FOIA request, the plaintiffs have obtained a partially redacted copy of
another whistleblower complaint that had been filed against Merial in 2005. During the hearing,
counsel for Merial explained on the record that despite the due diligence of Merial
representatives, the 2005 complaint had not been discovered. The plaintiffs contend that Merial
has not been candid with the court, and during the hearing plaintiffs' counsel suggested that the
court appoint a special master to look into the matter. The court finds that inasmuch as the
plaintiffs have failed to establish the relevance of whistleblower complaints other than the one
which prompted the filing of their motion for preliminary injunction, the instant motion is denied
with respect to such other complaints. However, in accordance with the ruling herein, the
defendants shall produce an unredacted copy of the whistleblower complaint which expressly
refers to this lawsuit.

the whistleblower complaint and information regarding investigation of the allegations of that

complaint.  The defendants further contend that policy reasons behind maintaining the

confidentiality of whistleblowers support nondisclosure of the information and that they would

be prejudiced in the OSHA investigation by such interference.  The court finds the defendants'

arguments unconvincing.  The defendants have failed to point to any authority supporting their

claim that SOX prohibits disclosure.  Likewise, the defendants have provided very weak

authority in support of their claim that OSHA guidelines prohibit disclosure.  Pursuant to the

OSHA guidelines and internal operating procedures cited by the defendants, during OSHA's

investigation of a whistleblower complaint the respondent (Merial in this case) is entitled to and

is provided a copy of the whistleblower complaint.  *See*, OSHA Revised Interim Guidelines on

Change in Procedures for Handling Privacy Act Files and Freedom of Information Act Requests,

http://www.osha.gov/dep/oia/whistleblower/Revised_interim_guidelines.html.  However, the

defendants have cited absolutely no rule, order, or instructions from OSHA governing a

respondent's use of this information once it has been received.   Moreover, the discovery requests

at issue were served on Merial, a party to this lawsuit, not OSHA.  It is quite apparent to the court

that the OSHA guidelines upon which the defendants rely were designed only to insure that the

agency itself complies with the Privacy Act and Freedom of Information Act during its

investigation of a whistleblower complaint.  Therefore, to the extent that Merial is in possession

of information that is relevant to issues in this lawsuit, regardless of the genesis of that

information, it is obligated to produce it save upon valid objection.

       With respect to defendants' policy argument, OSHA's guidelines provide that the

respondent's copy of the whistleblower complaint may contain redactions of "personal,

3

identifiable information" about third parties. *See*, OSHA Revised Interim Guidelines on Change

in Procedures for Handling Privacy Act Files and Freedom of Information Act Requests,

http://www.osha.gov/dep/oia/whistleblower/Revised_interim_guidelines.html.  Accordingly, as

OSHA has already disclosed to the defendants the identity of the whistleblower, defendants'

policy argument has no footing.  And, with respect to Merial's claim that it would be prejudiced

in the OSHA proceedings by disclosure of this information, the court is not swayed because the

defendants have offered no explanation beyond a bare allegation of prejudice.

Third, the defendants argue that the plaintiffs are not entitled to discovery of

attorney/client communications and work product prepared by defense counsel in a separate legal

proceeding.  Specifically, the defendants claim the plaintiffs are not entitled to attorney/client

communications and investigatory information gathered by their defense attorneys in the OSHA

proceeding.  The plaintiffs respond first that the crime/fraud exception overcomes the claimed

privileges.  Additionally, the plaintiffs point out that the defendants have failed to provide a

privilege log and that the plaintiffs have met their burden of showing the  "substantial need" and

"undue hardship" required to overcome the work product privilege.

The court finds the plaintiffs have failed to establish that the crime/fraud exception

applies to either privilege in this case.  However, the court agrees with the plaintiffs that the

defendants are in violation of the *Federal Rules of Civil Procedure* and the rules of this court for

failure to produce a privilege log with regard to any documents they claim are protected by the

work product and attorney client privileges.  However, because of the expedited nature of the

discovery initially propounded by the plaintiffs and the convoluted  nature of these proceedings,

the defendants and their counsel will be given an opportunity to review any responsive

documents and prepare a privilege log.  After production of a log the plaintiffs will have an

opportunity to properly contest the privileges asserted by the defendants with respect to each

individual document.

**THEREFORE, IT IS ORDERED**

1.  That the plaintiffs' motion to compel is granted in part and denied in part.

2.  That within 7 days of this date, the defendants shall fully and completely respond to

Interrogatory No.1 and Requests for Production No.'s 1, 3, and 4, except that the defendants shall

not be required to produce any documents which they argue are not discoverable on the grounds

of attorney-client privilege and/or work product.

3.  That within 7 days of this date the defendants shall prepare and serve a privilege log in

accordance with Fed.R.Civ.P. 26(b)(5)(A) and L.U.Civ.R. 26(a)(1)(C) with respect to any

documents they withhold under a claim of privilege(s).

4.  That within 10 days of service of the defendants' privilege log, the plaintiffs may file a

supplemental brief contesting the privilege(s) with respect to any documents identified in

defendants' log.  That within 7 days of the filing of plaintiffs' supplemental brief, the defendants

shall file a response.  If necessary, after consideration of the parties' briefs, the court may order

that documents be produced for in camera review prior to making a final ruling.

**THIS,** the 7th day of July, 2010.


/s/ David A. Sanders
U. S. MAGISTRATE JUDGE