IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NEAL HALEY and SHERRY HALEY, ET AL.**　　　　　　　　　　　　　　**PLAINTIFFS**

**V.**　　　　　　　　　　　　　　　　　　　　　　　**NO. 4:09CV00094-WAP-DAS**

**MERIAL, LIMITED, ET AL.**　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

<u>ORDER</u>

Before the court is the plaintiffs' motion to compel adequate responses to pre-certification discovery requests (# 94). Essentially, the plaintiffs seek an order from the court requiring that the defendants fully respond to the following written discovery requests: Requests for Admission 10, 11, 12, and 25; Interrogatories 15 and 16; and Requests for Production 1, 2, 3, 4, 10, 11, 15, and 16. As an initial matter, the court notes that the plaintiffs have failed to follow the procedure outlined in Rule 37(b) of the local rules, which requires that the grounds for any such motion be addressed to each specific discovery request. Because time is short, however, the court will address the requests it believes are related to the issues listed in the plaintiffs' motion.

<u>Request for Admission No. 10</u>

This request essentially requires Merial to admit or deny that it "distributed promotional and/or marketing materials" similar to an attached exhibit, "claiming that HeartGard Plus provides 100% protection against heartworm disease." Merial objected to the request to the extent that portions of the attached exhibit related to parasites other than heartworms but otherwise admitted that for a limited time it distributed such materials that claimed 100% effectiveness against "the tissue larval stage of heartworm infections." Based on an August 10

letter from defense counsel to plaintiffs' counsel, plaintiffs agree that Merial's response was acceptable regarding heartworm issues. Because this request seeks only an admission regarding heartworms, the issue is moot.

Request for Admission No. 11

This request requires Merial to admit or deny that the FDA "has determined that [Merial's] claims of 100% efficacy for HeartGard and HeartGard Plus are false and misleading." In support of this motion, the plaintiffs argue that the FDA's determination is relevant to the issue of commonality. Merial essentially objected that the request was not relevant to the class certification issue. In opposition to the instant motion, Merial responds that while this issue itself may relate to the commonality requirement necessary for determination of the class certification issue, the answer being solicited is not relevant to whether the class should be certified. The court agrees that this request is more appropriate for merits discovery. Accordingly, Merial's objection regarding relevancy is sustained, and the instant motion is denied with respect to this request.

Request for Admission No. 12

Here, Merial is asked to admit or deny that "one of the purposes of [its] marketing and promotional claims of 100% efficacy in the prevention of heartworms in dogs was to drive sales and to market the product." Likewise, Merial objected that this request was not relevant to the class certification issue. Again, the court agrees, and the motion is denied with respect to this request.

Request for Admission No. 25

This request asks the defendants to admit or deny that "HeartGard and HeartGard Plus,

even if used exactly as directed by Merial, is not 100% effective in preventing heartworm infection." The court finds this request is not relevant to the class certification issue. Accordingly, the motion is denied with respect to this request.

Interrogatories No. 15 and 16

These interrogatories ask Merial to provide the difference between the average retail price of HeartGard Plus and two competing products for the years 2005 through 2010. In support of the instant motion, plaintiffs explain that the "price disparity" between these products is one of the measures of damages sought to be proven for individuals and for class representatives and that cost comparison information will help the court address commonality, typicality, and predominance. The plaintiffs also contend that withholding the information has impaired their expert's ability to render an opinion on damages. Finally, the plaintiffs explain that the greater the damage suffered by each class member, the less likely the court is to certify a class, making damages particularly relevant to class certification. Merial initially objected, arguing that the requests were irrelevant to the class certification issue. However in their response, the defendants argue that the interrogatories are overly broad and unduly burdensome and that the requested information is equally available to the plaintiffs. To the extent that price comparison data may help the court determine whether the plaintiffs' and class members' damages claims are common and/or typical, the court finds the information is relevant. However, Merial shall be required to produce only information that is in its possession for the years in question.

Request for Production No. 1

With this request, the plaintiffs seek all documents evidencing ADE's with respect to HeartGard and HeartGard Plus from September 1, 2004, through the present. Merial objected on

3

the grounds that the request is overly broad, unduly burdensome, and seeks information not relevant to the class certification issue. However, Merial further responded that it will produce documents in its possession presumably related only to canine heartworms. The court overrules Merial's relevancy objection and orders that Merial shall produce all non-privileged documents evidencing ADE's for the products during the stated time period <u>as they relate to the canine species, including those related to heartworms, roundworms, and hookworms</u>.[1]

Request for Production No. 2

This request seeks documents, including emails from veterinarians or consumers concerning HeartGard or HeartGard Plus' effectiveness or lack thereof from September 2004 through the present, directed to Merial. Merial objected on the grounds that the request was overly broad, unduly burdensome, and not restricted to the canine species or the ADE suffered by the plaintiffs' dogs. Again, Merial agreed to produce all non-privileged documents in its possession subject to its objections. The court overrules Merial's objections to the extent that Merial shall produce all non-privileged documents for the products during the specified period <u>as they relate to the canine species, whether they include information related to heartworms,</u>

---

[1] The court is aware the defendants have objected to producing information related to roundworms and hookworms, arguing that no named plaintiff suffered damages as a result of either parasite. However, the plaintiffs respond that they specifically alleged problems arising from roundworms and hookworms in their complaint, and the complaint provides specifically that the FDA "chided Merial" for actions taken regarding roundworm and hookworm prevention. The court finds that because the allegations are made in the complaint and specifically because the plaintiffs have evidence (FDA letter) to support their allegations, the court finds the requests relevant to class certification. The court finds the requests may well have a bearing on issues concerning numerosity and commonality. The plaintiffs may uncover, for example, large or small numbers of claims related to roundworms and hookworms, and they may find that many claims are similar to one another or not. Regardless, the requests are relevant. The specific language and evidence to which the plaintiffs allude in the complaint move this request out of the realm of a "fishing expedition" as described by the defendants in their response.

4

roundworms, or hookworms.

Request for Production No. 3

Here, the plaintiffs seek all correspondence, including warning letters between the FDA and Merial concerning the "promotion, advertising, marketing, and/or the efficacy of HeartGard and HeartGard Plus from" January 2000 through the present. Merial made the same objections noted in the preceding request and added a relevancy objection. The court finds the information related to the efficacy of HeartGard and HeartGard Plus relevant to the class certification issue. However, as to the promotion, advertising, and marketing, of the product, the court finds these issues irrelevant to class certification. Accordingly, the defendants shall produce the requested correspondence with the FDA only as it relates to the canine species and to the efficacy of the products.

Request for Production No. 4

This request seeks all correspondence related to an August 14, 2006 letter from Lynn O. Post of the FDA to Liubov Skibo Merial and any other FDA warning letters. Merial essentially objected to the portion of the request seeking "any other warning letters" on the grounds that the request is overly broad, unduly burdensome, and seeks information unrelated to class certification issues. The court sustains these objections.

Request for Production No. 10

This request seeks documents related to "claims of lack of effectiveness of HeartGard or HeartGard Plus, including but not limited to ADE's." Merial again makes the objection that the request is overly broad, unduly burdensome and not restricted to the canine species or the ADE suffered by the plaintiffs' dogs and that the information sought is not relevant to the class

5

certification issue. Merial's objections are overruled to the extent that it shall produce the requested information for the drugs as it relates to canines, and to illness related to heartworms, roundworms, and hookworms for the period from January 2002 to the present.

Request for Production No. 11

This request seeks copies of all retail cost comparisons between HeartGard and HeartGard Plus and its competitors. For the reasons stated in connection with the court's ruling on Merial's objections to Interrogatories 15 and 16, Merial's objections are overruled, and it shall produce all relevant information in its possession from 2005 through the present.

Requests for Production No. 15 and 16

These requests seek all documents that correlate with Interrogatories 15 and 16 above. The motion is granted with respect to any and all documents currently in Merial's possession for the years in question.

**THEREFORE, IT IS ORDERED**:

1. That the instant motion is granted in part and denied in part as discussed herein.

2. That Merial shall produce all discovery compelled herein within 30 days of this date.

3. That the plaintiffs' request for sanctions is denied.

**SO ORDERED** this, the 17th day of September, 2010.

                                            **/s/ David A. Sanders**
                                            **U. S. MAGISTRATE JUDGE**