IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NEAL HALEY AND SHERRY HALEY, ET AL            PLAINTIFFS

VS.                                           CIVIL ACTION NO. 4:09-CV-094-P-S

MERIAL, LIMITED, MERIAL, LLC, AND
MERIAL, INC.                                  DEFENDANTS

## ORDER

THIS CAUSE having come before the Court on the defendant Merial's Motion to Seal Portions of Exhibits and Memorandum [Doc. 164], and the Court being fully advised of the premises, finds that the motion is well taken, and does hereby find as follows:

1.      On November 15, 2010, Merial filed its Response in Opposition to Plaintiffs' Motion for Appointment of Special Master and Other Relief ("Response in Opposition") [Doc. 162] and Memorandum of Authorities in Opposition to Plaintiffs' Motion for Appointment of Special Master and Other Relief ("Memorandum in Opposition") [Doc. 163].

2.      Merial redacted portions of Exhibit A and Exhibit V, which were attached to its Response in Opposition [Doc. 162].

3.      Additionally, Merial redacted portions of its Memorandum in Opposition [Doc. 163].

4.      Merial redacted from its Memorandum in Opposition [Doc. 163] a certain quote from Merial's Position Statement to the Department of Labor, Occupational Safety and Health Administration ("OSHA"), which was submitted to OSHA in response to a "whistleblower" retaliation complaint filed by a former employee of Merial.  The Position Statement is not a

publicly available document, and pursuant to OSHA procedures, the Position Statement has not been provided to the former employee.

5. Because public dissemination of the Position Statement could compromise Merial's defense in the OSHA proceeding, the unredacted copy of Merial's Memorandum in Opposition [Doc. 163] should be sealed.

6. Merial redacted from its Memorandum in Opposition [Doc. 163] and the affidavit of one of Merial's employees (Ex. V) discussions regarding certain confidential business information of Merial.

7. Because public dissemination of the confidential business information could Merial to suffer adverse financial consequences, the unredacted copies of Merial's Memorandum in Opposition [Doc. 163] and Exhibit V to Merial's Response in Opposition [Doc. 162] should be sealed.

8. Finally, Plaintiffs submitted to this Court but did not file a Brief in Support of Plaintiffs' Motion for Appointment of Special Master and Other Relief. This unfiled document contains numerous allegations against Merial, its in-house counsel, its outside counsel in the OSHA proceeding, and its trial counsel in this matter.

9. Exhibit A to Merial's Response in Opposition [Doc. 162] provides a count-by-count response to numerous allegations and rhetorical questions raised by Plaintiffs in their unfiled brief. Merial redacted from Exhibit A the portions of the exhibit that quoted Plaintiffs' unfiled brief.

10. Because Plaintiffs have elected not to file their brief and Merial should not be required to publicize the allegations contained in Plaintiffs' brief, the unredacted copy of Exhibit A should be sealed.

IT IS, THEREFORE, ORDERED that Merial shall file under seal the unredacted copies of Exhibit A to Merial's Response in Opposition [Doc. 162], Exhibit V to Merial's Response in Opposition [Doc. 162]; and Merial's Memorandum in Opposition [Doc. 163] and that the documents shall remain under seal permanently unless or until this Court enters an order unsealing the exhibits.

SO ORDERED this 18th day of November, 2010

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

SUBMITTED BY:

/s/Kyle V. Miller
Kyle V. Miller (MB #102227)

ATTORNEY FOR MERIAL LIMITED/MERIAL LLC

Jackson 5799948v1