IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NEAL HALEY and SHERRY HALEY, ET AL.**                                          **PLAINTIFFS**

**V.**                                                    **NO. 4:09CV00094-WAP-DAS**

**MERIAL, LIMITED, ET AL.**                                                     **DEFENDANTS**

## ORDER

Before the court is the Affidavit and Petition for Costs and Expenses (# 228) of Defendant Merial Limited/Merial LLC, and Merial, Inc. (hereinafter "Merial"). The court, having considered the submissions of the parties, the court record and having held a telephonic hearing on this matter, has determined that the petition for reimbursement should be granted in part and denied in part for the reasons that follow.

By Order (# 178) dated January 11, 2011, Magistrate Sanders denied the Plaintiffs' Motion for Protective Order Under Rule 26 (c) and Motion to Terminate or Limit Deposition of Dr. Peter Rost Under Rule 30(d) (# 153). Additionally, Judge Sanders ruled that "plaintiffs' counsel shall pay the defendants' reasonable expenses in opposing the instant motion, including attorney's fees, pursuant to FED. R. CIV. P. 37(a)(5)" and that "plaintiffs' counsel shall pay defendants' costs and reasonable expenses for resuming Dr. Rost's deposition." That Order also required Merial's counsel to, within 10 days of completion of Dr. Rost's deposition, "file an affidavit of costs and reasonable expenses incurred in completing the deposition and responding to the instant motion." Finally, it granted plaintiffs' counsel an opportunity to file any response in opposition to defense counsel's affidavit within 5 days of its filing. Merial has now submitted

an Affidavit and Petition wherein it seeks $111,628.02, which it claims represents reasonable expenses and costs associated with :1) completing the deposition of Dr. Rost; 2) responding to plaintiffs' motion to terminate the deposition of Dr. Rost and for protective order 3) responding to an individual subpoena issued to Defense Attorney Lee Davis Thames; 4) filing motions and participating in hearings regarding revisions to scheduling orders necessitated by the termination of the Rost deposition and plaintiffs' counsel's refusal to cooperate in scheduling changes; and 5) defending the appeal of Magistrate Sanders' Order.

The court finds Judge Sanders' Order specifically and expressly contemplated only expenses, *including* attorney's fees, and costs incurred by Merial that were associated with defending the motion to terminate and for protective order and which were incurred to complete the Rost deposition.[1] The remaining items of cost and expense sought by the defendants are outside the scope of the award of sanctions.

First, the court considers costs and attorney's fees associated with responding to an individual subpoena served on Mr. Thames. While the court understands that plaintiffs' counsel caused a subpoena to be served on Mr. Thames in an attempt to obtain materials that Mr. Thames had gathered and reviewed in preparation for the Rost deposition, the court finds these expenses were personal to Mr. Thames and were not incurred to oppose the subject motion. These fees are simply not among the items Judge Sanders ordered plaintiffs' counsel to pay, and no reasonable interpretation of that Order supports otherwise.

---

[1] Plaintiffs' counsel argues that the court did not award attorney's fees for the resumption of the deposition of Dr. Rost. However, the court agrees with Merial that Rule 30, which governs terminations of depositions, incorporates Rule 37(a)(5) which expressly defines "expenses" as "including attorney's fees."

2

Judge Sanders specifically cited Rule 37 as the basis for the sanctions he allowed. Rule 37 expressly states that the court *must* require that the award of sanctions be paid to the "party" or "deponent" who opposed the motion. FED.R.CIV.P. 37(a)(5)(B). Because Mr. Thames is not a party to this action, an award under Rule 37 would not be proper. Moreover, the Order specifically limited the award to those costs and expenses paid by the defendant in connection with its opposition to the motion. Additionally, The attorney fees and costs incurred by Mr. Thames were paid "solely" to defend his personal reputation. *See* Thames' Motion for Leave to File a Response (# 158) at p. 2.

With regard to Merial's request for costs and expenses associated with the filing of motions and appearances for hearings related to amendments to the scheduling order, the court finds these items were merely incidental and simply not contemplated by Judge Sanders' Order.

Next, the court finds that the costs and expenses associated with Merial's defending the appeal of Judge Sanders' Order before the district judge should not be allowed. In support of its request for these costs and expenses, Merial cites *Rickels v. City of South Bend, Indiana*, 33 F.3d 785 (7th Cir. 1994), for the proposition that Merial, the winner under a fee-shifting rule such as Rule 37, is entitled to recover its "full outlay," including the fees incurred in seeking fees and defending the award on appeal. Merial also asserts that *Moore's Federal Practice* is authority for the proposition that the court "may" include such an award under Rule 37.[2] The court finds, however, Merial has failed to provide the court with any authority from the Fifth Circuit that requires the court include such expenses in the award. Moreover, neither Judge Sanders' Order

---

[2] Merial relies on 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 37.23[6] (3d ed. 1997).

nor the district judge's ruling affirming that Order contemplate such an award.

Finally, the last item of contention is the matter of hourly rates charged by counsel for Merial.[3] Merial has presented the affidavits of at least two experienced attorneys from this district in support of its position that the rates charged by its counsel are reasonable and customary for attorneys involved in complex litigation in this district. To the contrary, plaintiffs' counsel has presented the court with no proof that these rates are not within those customary for the type and complexity of the case at issue here. Accordingly, the court finds that the hourly rates charged by counsel and paralegals for Merial are reasonable and that counsel's argument for a reduction of these rates is unsubstantiated.

**THEREFORE, IT IS ORDERED**:

1. That within ten (10) days of this date, counsel for Merial shall file an amended affidavit, including, but not limited to, an itemization of expenses and costs that conforms with the ruling herein.

2. That plaintiffs' counsel shall have five (5) days from the filing of defense counsel's amended affidavit to assert objections based solely on the alleged inclusion of any expense, fee, or cost that is **inconsistent with this order**.

This, the 10th day of November, 2011.

                                                      **/s/ Jane M. Virden**
                                                      **U. S. MAGISTRATE JUDGE**

---

[3]Merial has submitted billing summaries for 7 separate timekeepers, including five attorneys and two paralegals. The hourly rates charged by Butler Snow attorneys and paralegals are: Lee Davis Thames, $385; Donna Jacobs, $320; Mike McWilliams, $295; Kyle Miller, $180; Michael Brown, $180; Rae Hopkins, $145; and Rose Copeland, $125.