**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**NEAL HALEY and SHERRY HALEY, ET AL.**                    **PLAINTIFFS**

**V.**                                             **NO. 4:09CV00094-WAP-DAS**

**MERIAL, LIMITED, ET AL.**                               **DEFENDANTS**

## ORDER

Before the Court is Defendant Merial's Supplemental Petition for Costs and Expenses[1] and Plaintiffs' response to it. Both have been filed pursuant to the Court's Order of November 10, 2011 (# 238) wherein it was held that only those costs incurred by Merial in 2 of the 7 categories of costs sought by it in its original Petition for Costs (# 228)[2] were allowable. In its Supplemental Petition– and in accordance with the Court's prior Order– Merial applies for its costs associated with 1) resuming Plaintiffs' expert's deposition ($10,744.60 )[3] and 2) those associated with responding to Plaintiffs' Rule 26 Motion for Protective Order and Motion to Terminate or Limit Deposition Under Rule 30(d) before Magistrate Judge Sanders ($15,851.50).

Plaintiffs argue in response that $8,739.50 of the deposition resumption costs should be

---

[1] Hereinafter the term "costs" will connote both fees and expenses.

[2] The seven categories are: (1) responding to individual subpoena; (2) rescheduling/scheduling matters; (3) responding to Plaintiff's motion; (4) responding to objection to Magistrate Judge Sander's Order before District Judge Pepper ; (5) response on behalf of Mr. Thames; (6) Bradley Arant invoice for representing Mr. Thames; and (7) resuming deposition of expert.

[3] This amount includes an additional $200.00 for Ms. Copeland for 1.6 hours at the rate of $125.00 per hour. Plaintiffs have not objected to Merial's explanation that Ms. Copeland's time in connection with resumption of the Rost deposition was mistakenly omitted from its original petition for costs.

disallowed because the billing entries in support thereof lack sufficient specificity to assess the reasonableness of the time expended. This is the same argument previously raised by Plaintiffs' counsel, and the court remains unpersuaded. The court is satisfied that under the circumstances,[4] the time expended to prepare for resumption of the expert deposition is reasonable.

As to the costs incurred in defending the Plaintiffs' motion itself, Plaintiffs suggest that all of the time Merial's attorneys, Mr. Thames and Ms. Jacobs, spent working on the Merial responsive brief should be disallowed because it was "apparently" arrived at through guesswork. Again, the court is unpersuaded that the time is either unreasonable or unreliably recorded. Merial has offered sufficient explanation for the means of recording this category of costs.

In addition, Plaintiffs complain of an $88.50 charge and one for $360.00 for work done by Merial's counsel to provide Mr. Thames' personal counsel with background and documents related to the issuance of a subpoena. These entries will be disallowed as more properly falling into categories the court has previously ruled would not be allowed: namely, costs incurred in relation to Mr. Thames' retention of personal counsel and costs incurred in connection with the issuance of subpoenas by Plaintiffs.[5]

Though uninvited,[6] Merial also raises, again, the argument that it is entitled to its costs

---

[4] This is a complex case; there was an approximate 5 month gap between the original prep work done for the deposition and the date of the resumed deposition; this was Plaintiffs' sole expert; and Merial has offered an affidavit of a respected and experienced attorney in support of the reasonableness of the time charged.

[5] The court will deduct $88.50 from Mr. McWilliams' submission of $6,313.00 and $360.00 from Mr. Miller's submission of $630.00, which reduces Merial's claim for costs related to defending Plaintiffs' Rule 30(d) motion to $15,403.00.

[6] Merial states that it interpreted the inclusion in the recent Order of November 10, 2011, of the phrase, "including but not limited to" as an invitation to revisit, in its Supplemental

associated with defending the unsuccessful objection to Judge Sanders' Order that was filed by

Plaintiffs with the District Judge. The court denied said request in its November 10 Order, and

nothing in Merial's rehashing of the issue convinces the court otherwise. To the contrary, in its

Supplemental Petition, Merial acknowledges that neither Judge Sanders nor the District Judge

made such an award. Instead, Merial insists that it is entitled to the costs associated with

defending Judge Sanders' Order against the objection filed by the Plaintiffs with the District

Judge as a matter of law. Specifically, Merial relies, as it did in its original petition, on a U.S.

Supreme Court decision, *Commissioner, Immigration and Naturalization Service v. Jean*, 496

U.S. 154 (1990), and a decision from the Seventh Circuit, *Rickels v. City of South Bend, Indiana*,

33 F.3d 785 (7th Cir. 1994). Both cases are distinguishable. In *Jean,* the issue was whether,

under the Equal Access to Justice Act (EAJA), commonly referred to as a "fee shifting statute," a

party prevailing on the merits in an action where the opposing party lacked substantial

justification for  its position thus entitling it, by statute, to an award of costs, may include in its

recovery, costs incurred in subsequent litigation over the amount of the fee award without again

establishing the lack of substantial justification for opposition to the fee request. In the instant

case, on the other hand, there is no fee shifting statute at issue, and the costs sought are those

related to defending an objection to a Magistrate Judge's Rule 37 Order before the District Judge.

Furthermore, in *Jean*, the Supreme Court based its decision, among other things, on the fact that

the EAJA provision at issue, Subsection (d)(1)(A), referred to an "an award of fees 'in any civil

---

Petition issues actually decided by the court in that Order. The court did not so intend, but
acknowledges that the language may reasonably have been misconstrued.

action' without any reference to separate parts of the litigation."[7]  To the contrary, the provision

of Rule 37 under which Judge Sanders awarded fees expressly allows an award of expenses

"incurred in opposing the motion."  Accordingly, there is no textual support in Rule 37 for

Merial's position that "appeal" costs are intended for inclusion under the rule.  In short, the *Jean*

decision does not mandate an award of costs incurred in filing or opposing  every objection to a

magistrate judge's ruling under Rule 37 filed with a district judge.

Neither does Merial's reliance on *Rickels* mandate this result, and it is not controlling

authority in the Fifth Circuit, in any event.  In *Rickels*, when faced with the issue of whether the

cost of an unsuccessful appeal to the Seventh Circuit to contest a district judge's award of fees

under Rule 37 should be added to the underlying award, the court held they would be.  However,

in the instant case there has been no appeal to the Fifth Circuit.  The court is unpersuaded that

Merial is entitled, as a matter of law, to the costs incurred by it in defending against Plaintiffs'

unsuccessful objection to the Magistrate's Rule 37 Order.

There being no further objections by Plaintiffs or Plaintiffs' counsel, the costs set forth in

Merial's Supplemental Petition are approved as follows:

---

[7]Section 2412(d)(1)(A) of Title 28 provides:

"Except as otherwise specifically provided by statute, a court shall award to a
prevailing party other than the United States fees and other expenses, in addition
to any costs awarded pursuant to subsection (a), incurred by that party in any civil
action (other than cases sounding in tort), including proceedings for judicial
review of agency action, brought by or against the United States in any court
having jurisdiction of that action, unless the court finds that the position of the
United States was substantially justified or that special circumstances make an
award unjust."

1) Resumption of the Rost Deposition                    $10,744.60

2) Responding to Plaintiffs' Rule 26(c) and 30(d) Motion    $15,403.00

**THEREFORE, IT IS ORDERED:**

That in accordance with the court's initial Order (# 178) awarding sanctions, within sixty

(60) days of this date, Plaintiffs' counsel shall pay counsel for Merial **$26,147.60** for the benefit

of Defendant Merial.

This, the 13th day of December, 2011.


                                    /s/ Jane M. Virden
                                     U.S. MAGISTRATE JUDGE